IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TAMELA L. DEMOREUILLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-0528-CV-W-ODS-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION AFFIRMING IN PART AND REVERSING IN PART THE COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability and disability insurance benefits. The Commissioner's decision is affirmed in part, reversed in part, and the case is remanded for further proceedings.

## I. Introduction

Plaintiff appeals Defendant's decision denying her benefits.[1] Plaintiff was born in 1962, completed high school, and has past work experience in secretarial and office manager roles. R. at 12, 15. Plaintiff sought disability insurance benefits due to fibromyalgia and other impairments including depression, anxiety, and sleep apnea. R. at 15-18. The ALJ determined Plaintiff had the following severe impairments: fibromyalgia, depression, anxiety, status post repair of a right shoulder impingement, degenerative disc disease, restless leg syndrome, and internal derangement of the knee. R. at 51. Despite Plaintiff's severe impairments, the ALJ determined Plaintiff was not disabled and found Plaintiff had a residual functional capacity ("RFC"):

---

[1] Plaintiff's claim was initially denied, but the Social Security Administration's Appeals Council remanded the case for a new hearing and decision. The Court now reviews the Administrative Law Judge's decision rendered after Plaintiff's second hearing.

> [T]o perform light work as defined in 20 CFR 404.1567(b) except for being limited to sitting four hours at one time without interruption and eight hours total in a workday, standing three hours at one time without interruption and six hours total in an eight hour workday and walking three hours at a time without interruption and six hours total in an eight hour workday. She can reach overhead occasionally, reach all other directions and handle, finger, feel, push and pull continuously with the right hand. She can reach overhead, reach in all other directions, handle, finger, feel, push and pull continuously with the left hand. She can operate foot controls continuously with either foot. She can occasionally climb stairs and crawl, never climb ladders or scaffolds and frequently balance, stoop, kneel and crouch. She can never work at unprotected heights, occasionally be exposed to humidity, wetness and extreme cold and frequently work around moving mechanical parts, operate a motor vehicle and be exposed to dust, odors, fumes, pulmonary irritants, extreme heat and vibration. She can work in very loud noise. She is limited to performing simple, routine, repetitive tasks. She can engage in occasional decision making and changes in in [sic] the work setting. She can occasionally interact with the public, coworkers and supervisors.

R. at 55. Based on the testimony of a vocational expert ("VE"), the ALJ determined Plaintiff could work as a retail marker, electronic subassembler, and bench assembler. R. at 64.

## II. Standard of Review

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is

relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

### III. Discussion

#### A.

Plaintiff argues the ALJ's RFC is unsupported as to Plaintiff's mental impairments because an RFC limiting her to "simple, routine, repetitive tasks" does not address her moderate difficulties in maintaining concentration, persistence, or pace. Doc. #13, at 23. Plaintiff also contends the ALJ failed to include these limitations in his hypothetical question to the VE. *Id.* The Court agrees.

The ALJ specifically found that "[w]ith regard to concentration, persistence or pace, the claimant had moderate difficulties."[2] R. at 54. But limitations associated with this finding were not accurately reflected in the ALJ's RFC. R. at 55. The ALJ erred in failing to include these moderate limitations in the RFC. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (citations omitted) (holding an "ALJ is required to set forth specifically a claimant's limitations and determine how those limitations affect her RFC."). Specifically, the ALJ failed to include moderate limitations associated with Plaintiff's difficulty in maintaining persistence and pace.

During the hearing, the ALJ posed a hypothetical question to the VE. In relevant part, the ALJ asked if a person, of the claimant's age, education, and work experience would be able to do work:

> limited to simple, routine, and repetitive tasks requiring only occasional decision making and occasional changes in the work setting; occasional interaction with the public, coworkers, and supervisors.

R. at 26-27. "A hypothetical question must precisely describe a claimant's impairments so that the vocational expert may accurately assess whether jobs exist for the claimant." *Newton v. Chater*, 92 F.3d 688, 694-95 (8th Cir. 1996) (citing *Smith v. Shalala*, 31 F.3d 715, 717 (8th Cir. 1994)). In *Newton*, the plaintiff suffered from deficiencies of

---

[2] The phrase "concentration, persistence or pace" refers to the "ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(C)(3).

3

concentration, persistence, or pace, but the ALJ failed to include these deficiencies in the hypothetical posed to the VE. *Id.* at 695. The Eighth Circuit found that the hypothetical, which indicated the individual could perform "simple jobs," failed to include the deficiencies of concentration, persistence, or pace, and therefore, the matter had to be remanded. *Id.*

Defendant relies on the Eighth Circuit's decision in *Brachtel v. Apel* to argue the ALJ's hypothetical to the VE properly accounted for Plaintiff's moderate difficulties with concentration, persistence, or pace. 132 F.3d 417 (8th Cir. 1997). While the ALJ's hypothetical here addressed Plaintiff's ability to do "simple, routine, and repetitive tasks," the question is unlike *Brachtel* where the ALJ specifically included limitations on attention to detail and pace. 132 F.3d at 421 (question addressing work which "does not require close attention to detail" and "work at more than a regular pace."). The hypothetical posed to the VE does not adequately capture the nature of Plaintiff's moderate difficulties with concentration, persistence, or pace.

This case is remanded, and the ALJ shall include the specific moderate limitations related to concentration, persistence, or pace in Plaintiff's RFC, or provide a legally sufficient explanation for not including those limitations. Further, these limitations shall be included in the hypothetical question posed to the VE, or a legally sufficient explanation should be provided as to why those limitations were not included in the hypothetical question posed to the VE.

B.

Plaintiff argues the ALJ incorrectly determined Plaintiff's sleep apnea was not a "severe" medical impairment. An impairment is non-severe when medical evidence establishes only a slight abnormality, or a combination of slight abnormalities, which would have no more than a minimal effect on an individual's ability to perform basic work activities. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citations omitted). "Severity is not an onerous requirement for the plaintiff to meet, but it is also not a toothless standard, and we have upheld on numerous occasions the Commissioner's finding that a plaintiff failed to make this showing." *Id.* at 708 (citations omitted).

The opinions of examining medical experts and Plaintiff's own testimony

4

indicated her sleep apnea was not severe. An April 12, 2010 polysomnography noted Plaintiff's sleep apnea was mild, and Plaintiff refused CPAP treatment despite being advised to do so. R. at 52. Plaintiff refused treatment because the condition was mild and she is claustrophobic, reasons that led the ALJ to properly question Plaintiff's credibility on the issue. R. at 16-17, 52; see *Klingler v. Astrue*, No. 11-3066-CV-S-REL-SSA, 2012 WL 1948026, at *19 (W.D. Mo. May 30, 2012) (stating "[t]he claimant's voluntary noncompliance with treatment is a negative factor in determining his credibility").

Although non-examining medical professionals Dr. Winkler and Dr. Sklarnoff opined Plaintiff's sleep apnea was severe, the ALJ properly rejected their opinions regarding the severity of Plaintiff's sleep apnea because the record as a whole does not support finding Plaintiff's sleep apnea is severe. See *Wright v. Colvin*, 789 F.3d 847, 852-53 (8th Cir. 2015) (citation omitted) (stating "opinions of examining medical professionals are given more weight than nonexamining medical professionals"); *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (citation omitted) (holding the ALJ did not err "in discounting the inconsistent and unsupported portions" of a treating professional's assessment). Accordingly, the ALJ properly determined Plaintiff failed to show her sleep apnea was "severe," and the Court affirms the Commissioner's decision in this respect.

## C.

Plaintiff argues the ALJ erred in assigning little weight to the opinions of Dr. Tara Clark ("Clark"); Julie Richardson ("Richardson"), a Licensed Clinical Social Worker; and Dr. Sarah Horn ("Horn").[3] It is the function of the ALJ to weigh conflicting evidence and

---

[3] Plaintiff briefly argues the ALJ erred by dismissing the opinions of Richardson and Horn because the ALJ stated they are not "acceptable medical sources" as detailed in 20 C.F.R. § 404.1513. This argument is unpersuasive. The ALJ did not dismiss these opinions solely because Richardson and Horn are not acceptable medical sources. As set forth in this opinion, the Court remands for further consideration of Richardson's and Horn's opinions, but notes the ALJ has discretion in determining the weight afforded to each opinion that constitutes "other medical evidence." See *Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005); *Lacroix v. Barnhart*, 465 F.3d 881, 886-87 (8th Cir. 2006).

5

to resolve disagreements among physicians. *See Estes v. Barnhart,* 275 F.3d 722, 725 (8th Cir. 2002). Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *See e.g., Anderson*, 696 F.3d at 793-94; *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); *Anderson*, 696 F.3d at 793.

(1)

Clark completed a physician's RFC form. Clark determined Plaintiff, who suffers from fibromyalgia, could perform less than the full range of light work, would experience occasionally debilitating pain and fatigue, and had a poor or no ability to deal with a low stress job. R. at 62. The ALJ gave Clark's opinion little weight because the ALJ found no objective medical evidence of muscle atrophy or spasms, neuropathy, or another neurological, muscular, or sensory deficit, but the ALJ failed to address medical evidence such as consistent trigger-point findings and complaints of symptoms consistent with fibromyalgia. *See* R. at 1172, 1257-60, 1314, 1523, 1525. On remand, the ALJ must address the full scope of symptoms related to Plaintiff's fibromyalgia.

(2)

Richardson, Plaintiff's therapist, completed a mental RFC addressing Plaintiff's mental functioning. R. at 1249-51. Richardson noted Plaintiff had marked limitations in her ability to perform activities within a schedule, maintain regular attendance and be punctual, sustain an ordinary routine without supervision, and complete a normal workday and work week without interruptions from psychologically based symptoms. R. at 60. The ALJ gave Richardson's opinion little weight. *Id.* The ALJ recognized Plaintiff did have fair insight, judgment, concentration, and attention, but noted normal mental status exams with minimal findings. *Id.*

In considering Richardson's opinion, the ALJ erred in failing to adequately address the medical evidence of record. Plaintiff attempted suicide in July 2011 and

6

was hospitalized. R. at 641-42. Additionally, the record has documentation of instances, both prior to and after her attempted suicide, in which Plaintiff sought treatment for mental impairments. R. at 691-94, 701, 736-37, 738-39, 758-764, 766-67, 1319-28. Richardson's opinion appears to be consistent with the record. On remand, the ALJ must adequately address the reasons for discounting Richardson's opinion, or include Richardson's findings in the RFC and the hypothetical to the VE.

(3)

Horn, a Doctor of Chiropractic, treated Plaintiff and completed a physical RFC assessment. Horn indicated Plaintiff had recurring spinal subluxations resulting in spinal nerve inflammation and myofascitis that rendered her unable to work at a full time job. R. at 61. The ALJ gave no weight to Horn's opinion, finding it unsupported by the record and on an issue ultimately reserved to the Commissioner. *Id.*

The ALJ acknowledged Horn's opinion in the record diagnosing Plaintiff's back injuries. R. at 61, 1197. The ALJ identified Plaintiff as having severe degenerative disc disease. R. at 51. The ALJ failed to adequately consider Horn's opinion in conjunction with other evidence in the record related to Plaintiff's physical limitations affecting her ability to be employed in positions such as those identified in the RFC. On remand, the ALJ shall consider Horn's opinion as to Plaintiff's back injuries in conjunction with the whole record to determine if Plaintiff's back impairments affect her ability to engage in gainful employment.

D.

Plaintiff argues the ALJ failed to adequately develop the record and had a duty to re-contact treating physicians. The ALJ has a duty to develop the record, and the failure to do so is reversible when the record "does not contain enough evidence to determine the impact of a claimant's impairment on his ability to work." *Byes v. Astrue*, 687 F.3d 913, 916 (8th Cir. 2012). "However, the burden of persuasion to prove disability and to demonstrate RFC remains on the claimant." *Eichelberger v. Barnhart*, 390 F.3d 584, 592 (8th Cir. 2004). The ALJ retains discretion to re-contact treating

physicians in an effort to fully develop the record if the ALJ cannot reach a conclusion about whether the claimant is disabled.  See 20 C.F.R. § 404.1520b(c).

The Court is remanding this case for further proceedings due to the reversible errors identified above.  Given Plaintiff's extensive medical history submitted in the record, the Court finds the record adequate.  The ALJ may, and should, re-contact treating physicians on remand if the ALJ finds doing so is helpful to determining the extent of Plaintiff's disability.

E.

Plaintiff argues the ALJ failed to sustain the Commissioner's burden at step five because the ALJ failed to include appropriate limitations regarding concentration, persistence, or pace in the hypothetical posed to the VE at the second hearing.  Plaintiff argues this is in contrast to the first hearing wherein the VE was asked about limitations regarding concentration, persistence, or pace.  While the sufficiency of the first hearing is not before this Court, the Court agrees the hypothetical posed to the VE inadequately described Plaintiff's limitations as to concentration, persistence, or pace.  On remand, the ALJ shall develop a hypothetical based on the whole record that adequately incorporates Plaintiff's physical and mental limitations.

IV.  CONCLUSION

For the reasons set forth above, the Court reverses in part and affirms in part the Commissioner's decision.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 3, 2016    UNITED STATES DISTRICT COURT